

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-10-097-CV

BRET ARNOLD AND                                                          APPELLANTS
PATRICIA A. RUDDER

V.

B.R. ISRAEL                                                                 APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellants Bret Arnold and Patricia A. Rudder attempt to appeal from the denial of their motion to recuse the trial court judge in cause number 08-63080-02.[2] Judge Jeff Walker heard appellants' motion and denied it on January 25, 2010. Appellants filed a notice of appeal, and on April 12, 2010, we notified them of our

---

[1] *See* Tex. R. App. P. 47.4.

[2] On April 22, 2010, we dismissed for want of jurisdiction another attempted appeal by the same appellants, in the same trial court cause number, of the trial court's January 28, 2010 "Order on Motion to Compel Answers to Interrogatories in Aid of Judgment," because the order was not an appealable order. *See Rudder v. Israel*, No. 02-10-00037-CV, 2010 WL 1633376, at *1 (Tex. App.—Fort Worth Apr. 22, 2010, no pet. h.) (mem. op.).

concern that this court lacked jurisdiction over this appeal because the "Order Denying Motion to Recuse" does not appear to be an appealable order. We also stated that the appeal would be dismissed unless appellants or any party desiring to continue the appeal filed with the court, on or before April 22, 2010, a response showing grounds for continuing the appeal. On April 26, 2010, appellants filed a motion for extension of time to respond to our April 12, 2010 letter questioning jurisdiction. We denied this motion.[3]

Generally, an appeal may be taken only from a final judgment or order. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). An order denying a motion to recuse is an unappealable interlocutory order. *Hawkins v. Walker*, 233 S.W.3d 380, 401 (Tex. App.—Fort Worth 2007, pet. denied). Specifically, rule 18a of the Texas Rules of Civil Procedure provides that an order denying a motion to recuse may be reviewed only "on appeal from the final judgment." Tex. R. Civ. P. 18a(f); *see Hawkins*, 233 S.W.3d at 401. Because the order from which appellants attempt to appeal is an unappealable interlocutory order, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

PER CURIAM

PANEL: MCCOY, J.; LIVINGSTON, C.J.; and MEIER, J.

DELIVERED: May 20, 2010

---

[3] We granted the appellants' first motion for an extension of time to respond to our jurisdiction letter in *Rudder*, but we denied their second motion for extension of time to respond, which was filed after the first extension's deadline to respond had passed. *See* 2010 WL 1633376, at *1.